IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES DEAN JONES,                  :

                           :

          **Petitioner,**        :

                           :

         V.                  :

                           :       **NO. 5:22-cv-00245-TES-CHW**

**GEORGIA DEPARTMENT**     :

**OF CORRECTIONS,**         :

                           :

         **Respondent. :**

_____ :

## ORDER

Petitioner James Dean Jones, who is currently confined in Central State Prison in

Macon, Georgia, has filed a petition for a writ of habeas corpus.   Pet. for Writ of Habeas

Corpus, ECF No. 1.   When this Court received the petition, there were pages missing from

the petition, and it is unclear what relief Petitioner is actually seeking through the petition.

In this regard, the only claim that is showing on the pages that Plaintiff submitted says

"social service worker Ms. Rasoolallah from Phillips State.   Pre-approval counsel grants

for parole and SSI supplemental nutrition assistance program and medicare."   Pet. for Writ

of Habeas Corpus 3, ECF No. 1.

Plaintiff must clarify the type of claims that he is intending to raise by filing either

a complete § 2254 petition or a 42 U.S.C. § 1983 complaint.   A § 2254 habeas corpus

petition is a means for a person who is in custody pursuant to a State court judgment to

challenge his or her incarceration on the ground that it violates the United States

Constitution or other federal law.   28 U.S.C. § 2254(a); *see Preiser v. Rodriguez*, 411 U.S.

475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").   Thus, a prisoner seeking release from incarceration must proceed through a petition for a writ of habeas corpus.   A 42 U.S.C. § 1983 action, on the other hand, allows a plaintiff to seek other relief, such as damages or an injunction, for violations of the plaintiff's civil rights.   *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

If Petitioner wishes to challenge the legality of his confinement and to seek release from that confinement, he should complete and return the habeas petition.   *See Preiser*, 411 U.S. at 484.   If Petitioner seeks other relief, such as damages or an injunction, for alleged civil rights violations, he should complete and return the § 1983 complaint form. *See Baker*, 443 U.S. at 144 n.3.

Additionally, Petitioner has not paid the filing fee for this case or filed a motion for leave to proceed *in forma pauperis*.   If Petitioner is seeking to proceed with a habeas corpus petition, the filing fee is $5.00.   Alternatively, if Petitioner is seeking to proceed with a § 1983 civil rights complaint, the filing fee is $402.00.   Regardless of which type of relief Petitioner is pursuing, he may seek leave to proceed *in forma pauperis* if he is financially unable to pay the full filing fee up front.

If Petitioner wishes to proceed with this action, he is **ORDERED** to complete either a habeas corpus form or a 42 U.S.C. § 1983 complaint form and either pay the appropriate

2

filing fee or move for leave to proceed *in forma pauperis*.   Petitioner shall have

**FOURTEEN (14) DAYS** from the date of this order to take the identified steps.

Petitioner's failure to fully and timely comply with this order may result in the dismissal

of this action.

Finally, the **CLERK** is **DIRECTED** to forward Petitioner a § 1983 complaint form,

a 28 U.S.C. § 2254 petition for a writ of habeas corpus, and a motion to proceed *in forma*

*pauperis*, with the appropriate account certification form, along with his service copy of

this order (with the civil action number showing on all).   There shall be no service in this

case pending further order of the Court.

SO ORDERED and DIRECTED, this 20th day of July, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge