IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JAMES DEAN JONES,**<br><br>*Petitioner*,<br><br>v.<br><br>**GEORGIA DEPARTMENT OF CORRECTIONS,**<br><br>*Respondent*. | **CIVIL ACTION NO.**<br>**5:22-cv-00245-TES-CHW** |

### ORDER OF DISMISSAL

Petitioner James Dean Jones, an inmate in Central State Prison in Macon, Georgia, filed a petition for a writ of habeas corpus. [Doc. 1]. The United States Magistrate Judge ordered Petitioner to clarify the type of claims that he intended to raise by filing either a complete 28 U.S.C. § 2254 petition or a 42 U.S.C. § 1983 complaint, because pages were missing from the petition, and it was unclear what relief Petitioner was seeking. [Doc. 3]. Additionally, the Magistrate Judge ordered Petitioner to either pay the appropriate filing fee or move for leave to proceed *in forma pauperis*. *Id.* The Magistrate Judge gave Petitioner fourteen days to comply and cautioned Petitioner that his failure to do so could result in the dismissal of this action. *Id.*

More than fourteen days passed after Petitioner was ordered to recast his pleading and either pay the filing fee or move for leave to proceed *in forma pauperis*, and

he did not take any of the ordered actions or otherwise respond to the Court's order that he do so. Therefore, the Magistrate Judge ordered Petitioner to show cause why this Court should not dismiss this case based on Petitioner's failure to comply with the previous order, [Doc. 3]. [Doc. 4]. The Magistrate Judge again gave Petitioner fourteen days to respond and cautioned Petitioner that his failure to respond would result in the dismissal of this action. *Id.*

More than fourteen days have now passed since the Magistrate Judge entered the show cause order. [Doc. 4]. In that time, Petitioner has not taken any of the steps identified in the original order, [Doc. 3], or responded to the show cause order, [Doc. 4]. Thus, because Petitioner has failed to comply with the previous orders or to otherwise prosecute his case, the Court now **DISMISSES** the complaint **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 7th day of October, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**