**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JAMES DEAN JONES,**<br><br>*Petitioner*,<br><br>v.<br><br>**GEORGIA DEPARTMENT OF CORRECTIONS,** *et al.*,<br><br>*Respondents***.** | **CIVIL ACTION NO.**<br>**5:22-cv-00245-TES-CHW** |

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

Before the Court is Petitioner James Dean Jones's Motion for Reconsideration [Doc. 8], whereby he requests the Court reconsider its Order Dismissing Petitioner's Petition Without Prejudice. [Doc. 5]. For the reasons detailed below, the Court **DENIES** Petitioner's Motion for Reconsideration. [Doc. 8].

### DISCUSSION

**A.    Procedural Background**

Petitioner, an inmate in Central State Prison in Macon, Georgia, filed a petition for a writ of habeas corpus. [Doc. 1]. The United States Magistrate Judge ordered Petitioner to clarify the type of claims that he intended to raise by filing either a complete 28 U.S.C. § 2254 petition or a 42 U.S.C. § 1983 complaint, because pages were missing from the petition, and it was unclear what relief Petitioner was seeking. [Doc.

3]. Additionally, the magistrate judge ordered Petitioner to either pay the appropriate filing fee or move for leave to proceed *in forma pauperis*. [*Id.*]. The magistrate judge gave Petitioner fourteen days to comply and cautioned Petitioner that his failure to do so could result in the dismissal of this action. [*Id.*].

More than fourteen days passed after Petitioner was ordered to recast his pleading and either pay the filing fee or move for leave to proceed *in forma pauperis*, and he did not take any of the ordered actions or otherwise respond to the Court's order that he do so. Therefore, the magistrate judge ordered Petitioner to show cause why this Court should not dismiss this case based on Petitioner's failure to comply with the previous order. [Doc. 3]; [Doc. 4]. The magistrate judge again gave Petitioner fourteen days to respond and cautioned Petitioner that his failure to respond would result in the dismissal of this action. [*Id.*].

Because Petitioner did not take any of the steps identified in the original order, [Doc. 3], or respond to the show cause order, [Doc. 4], within the fourteen-day period to respond, the Court dismissed Petitioner's Petition without prejudice. [Doc. 5]. An amended petition for writ of habeas corpus that Petitioner signed and dated November 19, 2022, was filed on December 7, 2022, two months after the Court dismissed Petitioner's Petition. [Doc. 7]; *see also* [Doc. 5]. Petitioner's Motion for Reconsideration was filed on December 30, 2022. [Doc. 8].

**B.      Motion for Reconsideration Standard of Review**

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a

matter of routine practice." L.R. 7.6, M.D. Ga. Therefore, "[i]n the interests of judicial

efficiency and finality of decisions, 'reconsideration of a previous order is an

extraordinary remedy to be employed sparingly.'" *Goolsby v. Astrue*, No. 5:07-cv-183

(CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N.

Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only

if the movant demonstrates that "(1) there has been an intervening change in the law,

(2) new evidence has been discovered that was not previously available to the parties at

the time the original order was entered, or (3) reconsideration is necessary to correct a

clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR),

2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't Transp.*, No.

7:04-cv-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for

reconsideration may not be used to relitigate old matters or reargue settled issues. *See

id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for

reconsideration be used "as an opportunity to show the court how it 'could have done it

better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres.

Endangered Areas Cobb's History, Inc. v. U.S. Army Corps Engineers*, 916 F. Supp. 1557,

1560 (N.D. Ga. 1995)).

C.      Analysis

Given the limited circumstances in which a party may appropriately bring a

motion for reconsideration, the Court now turns to Petitioner's purported basis for

bringing such a motion. Petitioner conclusorily argues that he needs "a Reconsidred

[*sic*] Mail Relief Decision." [Doc. 8, p. 1]. He then provides no additional arguments

showing any intervening change in the law, newly discovered evidence that was not

previously available, or that "reconsideration is necessary to correct a clear error of law

or prevent manifest injustice." *Bryant*, 2010 WL 2687590, at *1. Instead, Petitioner states

that he sent his "Habeas Corpus packet to Athens by misstake [*sic*]." [Doc. 8, p. 1]. The

Court assumes he states this to show why he did not timely file an amended habeas

corpus petition or a 42 U.S.C. § 1983 complaint after the Court's July and August 2022

Orders instructed him to do so. [Doc. 3]; [Doc. 4]. Finally, he seems to seek relief in the

form of acknowledgment of his participation in programs provided by Middle Georgia

Technical College and other programs affecting his time served. [Doc. 8, p. 2].

First, Petitioner failed to timely file a complete habeas corpus form or a 42 U.S.C.

§ 1983 complaint form, and he also failed to either timely pay the appropriate filing fee

or move for leave to proceed *in forma pauperis*. Second, even if Petitioner mistakenly

filed a complete habeas corpus form in the Athens Division as opposed to the Macon

Division, the Clerk's office in Athens would have simply forwarded it to the Macon

Division. Simply put, any such mistake by Plaintiff would not have prevented the Court from considering his packet had he actually sent it.

The Court sees no other reason in Petitioner's Motion for Reconsideration that would lead the Court to reconsider its Order dismissing Petitioner's Petition. In other words, Petitioner's Motion falls far short of what's required to place this within the limited circumstances in which a motion for reconsideration should be granted.

Finally, the Court must note that Petitioner's Motion for Reconsideration is untimely. *See* L. R. 7.6, M.D. Ga. (stating that "[w]ith the exception of motions filed pursuant to Fed. R. Civ. P[.] 59(e), motions for reconsideration shall be filed within fourteen (14) days after entry of the order.").

A party cannot use a motion for reconsideration as an opportunity to reargue a matter the Court has already ruled on simply because he lost the first time around. *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting *Am. Ass'n People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003)); *see also U.S. v. Dean*, 838 Fed. App'x 470, 472 (11th Cir. 2020) ("A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief."). He must satisfy one of the three recognized grounds for a motion for reconsideration and Petitioner has failed to do so.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Petitioner's Motion for

Reconsideration [Doc. 8].

    **SO ORDERED**, this 3rd day of January, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
